IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| HARMAN BENITEZ, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:23-CV-25 |
| BOBBY LUMPKIN | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Harman Benitez, Jr., a prisoner currently confined at the Diboll Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner was convicted in the United States District Court for the Northern District of Texas of the offense of possession with intent to distribute methamphetamine. On September 10, 2014, Petitioner was sentenced in federal court to 144 months of imprisonment. Petitioner was subsequently convicted of aggravated assault and sentenced to 10 years of imprisonment in a state court. After his sentencing in the state court, Petitioner remained in state custody to serve his 10-year state sentence. Petitioner filed this habeas petition requesting credit toward his federal sentence for the time he is spending in state custody serving his state sentence, and he requests a *nunc pro tunc* designation of the state facility as the place for service of his federal sentence.

Under 18 U.S.C. § 3585(b), a defendant convicted of a federal crime is entitled to credit for certain time spent in official detention prior to the date the sentence begins. The district court is not authorized to compute the credit at sentencing. *United States v. Wilson*, 503 U.S. 329, 334 (1992). Instead, the Attorney General computes the amount of credit after taking custody of the defendant. *Id.* at 332. The defendant may then seek judicial review of the Attorney General's computation after exhausting administrative remedies. *Id.* at 335.

Petitioner's request for credit towards his federal sentence for time spent in state custody is premature because he is not in federal custody at this time. After his federal conviction, he was returned to state custody. Until Petitioner is taken into federal custody, his claims regarding the computation of credit toward his federal sentence are not cognizable in a petition for writ of habeas corpus. The Attorney General will calculate the credit after Petitioner is received into federal custody. Then, if Petitioner is dissatisfied with the Attorney General's calculation, he may file a petition for writ of habeas corpus in the court with jurisdiction over his custodian after exhausting administrative remedies.

## Recommendation

This petition for writ of habeas corpus should be dismissed without prejudice.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten days after service shall bar an aggrieved

party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 1st day of May, 2023.

_____
Zack Hawthorn
United States Magistrate Judge